IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK J. ELLERBE** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **THE UNITED STATES GOVERNMENT OFFICE OF PERSONNEL MANAGEMENT** | : | NO. 14-5135 |

**MEMORANDUM**

YOHN, J.                                                                 SEPTEMBER 15, 2014

Plaintiff Derrick J. Ellerbe initiated this action against the U.S. Office of Personnel Management ("OPM"), apparently because OPM failed to investigate his allegations that employees of the federal government have stalked him, harassed him, and committed various crimes against him. He also seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.   FACTS

Plaintiff has filed numerous cases in this district based on allegations that he being stalked, harassed, and tortured by government employees in connection with a conspiracy against him prompted by the United States Postal Service, and/or that various government agencies have failed to initiate an investigation or pursue criminal charges in connection with those allegations. *See Ellerbe v. U.S. Gov't*, E.D. Pa. Civ. A. No. 14-5041; *Ellerbe v. City of Phila.*, Civ. A. No. 14-5040; *Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 14-4495; *Ellerbe v. U.S. Att'y for the E.D. Pa.*, E.D. Pa. Civ. A. No. 14-4494; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 14-858; *Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 14-153; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 14-152; *Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 13-7492; *Ellerbe v. Prothonotary – Ct. of Common Pleas*, E.D. Pa. Civ. A. No. 13-6430; *Ellerbe v. U.S. Postal Serv.*,

1

E.D. Pa. Civ. A. No. 13-4600; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4599; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4598; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4077; *Ellerbe v. U.S. Dep't of Justice of the U.S. Gov't*, E.D. Pa. Civ. A. No. 12-6605; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 12-1243; *Ellerbe v. U.S. Postal Serv. of the U.S. Gov't*, E.D. Pa. Civ. A. No. 11-7167. Several of plaintiff's previously-filed cases are based, at least in part, on his April 2, 2013 arrest (which he characterizes as a kidnapping) and his related incarceration.[1] Most of the cases were dismissed because plaintiff failed to cure defects in his *in forma pauperis* motions or because his claims were meritless. In two of his recent cases, plaintiff was afforded an opportunity to file an amended complaint. *See Ellerbe v. City of Phila.*, Civ. A. No. 14-5040; *Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 14-4495.

In this action, plaintiff again alleges that he has been "stalked" and "harassed," and that he was "kidnapped and held hostage at a few different Philadelphia County jails" without sufficient constitutional protections. He also alleges, among other things, that he was held in administrative custody for "no apparent reason" while incarcerated, that he is being "followed (stalked) and harassed by unknown (USPS) federal employees," that his phone has "been taken over by the Government," and that he is being illegally monitored at the library when he uses the public computer. The complaint suggests that plaintiff informed OPM of those facts, but that OPM "refused to transfer [his] OSC-11 complaint or [his] handwritten complaint to the [Office of Special Counsel] [or] to the [U.S. Merit Systems Protection Board]" or "take corrective action." Accordingly, plaintiff filed this action against OPM seeking "injunctive relief

---

[1] A publicly available docket reveals that plaintiff was arrested by an officer of the Philadelphia Police Department on April 2, 2013, and charged with contempt for violating an order or agreement. Plaintiff was found incompetent to proceed and the charge was ultimately dismissed. *See Commonwealth v. Ellerbe*, Docket No. MC-51-CR-0012725-2013 (Philadelphia Municipal Court).

prohibiting the stalking, harassment, gross invasion of privacy, defamation, and all criminal and constitutional violations of law," and declaratory relief that, among other things, he "has a right to be heard by the MSPB and the Office of Special Counsel."

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's allegations that he is being harassed, stalked, and "kidnapped" by federal employees controlled by the U.S. Postal Service are not only conclusory, but they rise to the level of irrational and delusional. *See Ellerbe v. U.S. Gov't,* E.D. Pa. Civ. A. No. 14-5041 (Document No. 2, at 4 (concluding that Ellerbe's claims were frivolous to the extent they were predicated on his belief that federal, state, and local governments are all conspiring against him in violation of criminal laws and the constitution)). In any event, plaintiff is not entitled to the

3

relief he seeks. OPM is responsible for executing, administering, and enforcing federal civil service rules, and designing systems for personnel management in federal agencies. *See* 5 U.S.C. § 1103; *Kean v. Stone*, 926 F.2d 276, 282 (3d Cir. 1991) (observing that the Civil Service Reform Act established OPM, which is "charged with personnel management and agency advisory functions." (quotations omitted)). The MSPB ensures adherence to federal statutes and regulations related to civil service and merit systems in the executive branch, while OSC investigates allegations of prohibited personnel practices made by current or former federal employees or applicants for federal employment. *See* 5 U.S.C. §§ 1201-1219; *see also* Office of Special Counsel, https://osc.gov/Pages/about.aspx (last accessed Sept. 11, 2014) ("OSC's primary mission is to safeguard the merit system by protecting federal employees and applicants from prohibited personnel practices, especially reprisal for whistleblowing."); U.S. Merit Systems Protection Board, http://www.mspb.gov/About/about.htm (last accessed Sept. 11, 2014) ("The Merit Systems Protection Board is an independent, quasi-judicial agency in the Executive branch that serves as the guardian of Federal merit systems."). Those agencies are not responsible for investigating or enjoining the civil rights and criminal violations alleged by plaintiff. Accordingly, there is no legal basis for plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. As plaintiff cannot cure the defects in his claims, the Court will dismiss the complaint without leave to amend. An appropriate order follows, which shall be docketed separately.